### JORGE, et al v. ANTONIO COMPANY, et al.
#### No. 122714-C.

Circuit Court, Hillsborough County.

November 28, 1961.

102

Macfarlane, Ferguson, Allison & Kelly, Tampa, and Anderson & Nadeau, Miami, for plaintiffs.

William A. Gillen and Ronald D. McCall of Fowler, White, Gillen, Humkey & Trenam, Tampa, and Corcoran & Henson, Tampa, for defendants.

JOHN G. HODGES, Circuit Judge.

This cause came on to be heard upon the motions of the defendant, the Antonio Company, a Florida corporation, to abstain from exercising jurisdiction on the grounds of forum non conveniens, to dismiss the complaint of the plaintiffs, Severiano Jorge and Tabacalera Severiano Jorge, S. A., a Cuban corporation, and to sever causes of action against the defendants, the Antonio Company and Standard Cigar Company, a Florida corporation, to dismiss or to abstain from exercising jurisdiction and to strike the plaintiff corporation as a party.

After considering the pleadings, affidavits and certificate filed herein and the oral arguments and written briefs of counsel for the parties, this court is of the opinion that the plaintiffs' complaint and this suit should be dismissed, without prejudice, how-

ever, to the rights of the plaintiffs to prosecute their respective claims against the defendants, or either of them, in any other appropriate forum.

At the threshold the court believes it should be noted that intellectual or philosophical patterns of political movements, governmental ideologies and revolutionary persuasions in foreign countries, as well as any prejudice, bias or sympathy, and concepts resulting therefrom, have no place in this case — which the court has attempted to view through the colorless lenses of the controlling law as the court believes it now exists.

After the application of the sifting process, the real controversy involved in this suit appears to exist between the Cuban government, its citizen, the plaintiff, Severiano Jorge, and its creature, Tabacalera Severiano Jorge, S.A., a corporation organized and existing under the laws of the Republic of Cuba, relative to the collection of indebtednesses due by the defending Florida corporations to the foreign corporation for the sale of tobacco in Cuba, as will appear from the matters hereinafter set forth.

The plaintiff, Tabacalera Severiano Jorge, S. A., hereinafter sometimes referred to as "Tabacalera", was and is a corporation organized and existing under the laws of the Republic of Cuba, with its principal place of business in Havana, and was engaged in the business of selling leaf tobacco which was used in the manufacture of cigars.

The plaintiff, Severiano Jorge, was and is a citizen of the Republic of Cuba, who now resides in Miami, where he fled after the overthrow of the Batista government in Cuba by the revolutionary government headed by Fidel Castro. Mr. Jorge alleges in his complaint that he is the sole stockholder of Tabacalera and that he possesses a general power of attorney executed on behalf of said corporation and authorizing him to act for and on behalf of said Cuban corporation.

The defendant, the Antonio Company, hereinafter sometimes referred to as "Antonio", was and is a corporation organized and existing under the laws of the state of Florida, with its principal place of business in the city of Tampa, and was and is engaged in the business of manufacturing cigars in said city.

The defendant, Standard Cigar Company, hereinafter some times referred to as "Standard", was and is a corporation organized and existing under the laws of the state of Florida, with its principal place of business in Tampa, and was and is engaged in the business of manufacturing cigars in said city.

The defendant, Republic of Cuba, is the revolutionary government of Cuba, of which Fidel Castro is premier, and at all times material herein was and is the sovereign government of Cuba and so recognized by the government of the United States of America. Although the Republic of Cuba has been named as a defendant herein, there has not been any attempt to serve it with process in this suit.

This action primarily concerns matters which took place or were to take place in Cuba during 1960. It involves separate business transactions between Tabacalera and Antonio and between Tabacalera and Standard, the later seizure and intervention of Tabacalera by the Castro government for reasons of public interest, and subsequent attempts by those who managed and controlled Tabacalera before its seizure and intervention to recover in the name of said Cuban corporation or in the name of its alleged assignee, Mr. Jorge, sums claimed to be due Tabacalera by Antonio and Standard, respectively, notwithstanding the seizure and intervention of the Cuban corporation by the Cuban government.

Between July 1 and July 25, 1960, Tabacalera sold and delivered in Havana to Antonio, leaf tobacco of the value of $48,406.37, and to Standard, leaf tobacco of the value of $100,894.28. In accordance with established custom and agreements between Tabacalera and Antonio and Standard, respectively, the purchase price of each shipment of tobacco was due and payable by the purchaser thereof to Tabacalera, in Havana, 90 to 120 days after such shipment.

After the sale and purchase of the said tobacco, but before the purchase price of any of the shipments thereof became due and payable by either of the defendants to the plaintiff, on or about September 15, 1960, the Republic of Cuba, by Resolution No. 20260 of its Ministry of Labor, seized and intervened the entire Cuban tobacco industry, including leaf tobacco dealers and warehouses, and cigar and cigarette factories. Tabacalera was one of the many leaf tobacco dealers and warehouses seized and intervened.

The purpose of the seizure and intervention by the Cuban government of the Cuban tobacco industry was to increase production, to increase employment, to improve the quality of tobacco products, to guarantee the supply of tobacco to customary markets, to take over businesses which had been abandoned leaving numerous debts and many workers unemployed, and to normalize the situation in the tobacco industry, insuring the stability of workers and their jobs and the production of tobacco and tobacco products in general.

The tobacco industry was and is one of the great industries in Cuba. It was and is important to the economy of that nation and its people. The court is of the opinion that the seizure and intervention of the Cuban tobacco industry by the Castro government, as recited at length in the resolution effecting the intervention, was for reasons of public interest, welfare and concern and was an act of a sovereign or governmental nature (*Jure Imperii*) and not an act of a business of commercial type (*Jure Gestionis*). Unlike the taking of property under subsequent resolutions which were admittedly retaliatory against acts of the government of the United States, the intervention involved here was not unconnected with its subsequent use in being nationalized. Under those retaliatory resolutions, nationals of the United States were affected in a discriminatory manner and the takings thereunder cannot be justified on the basis of any conduct of the owners in their management of the property or its importance to the security of the Cuban nation, under the rules of international law.

The governmental acts of the revolutionary government of Cuba, which has been officially recognized as the sovereign government of that republic by the United States, are entitled to the same recognition and sanctity as the acts of any other foreign government so recognized by our country.

Pursuant to the provisions of the aforesaid resolution, one Armando Lobeto Alvarez was appointed interventor of Tabacalera and the other leaf tobacco dealers and warehouses. Continuously since his appointment, the interventor has been in charge and control of Tabacalera and its assets, and has been managing its affairs. The stockholders, directors and officers of Tabacalera at the time of the seizure and intervention were removed from charge and control of the plaintiff corporation and its assets and from the management of its affairs.

Notwithstanding the seizure and intervention of Tabacalera by the Cuban government, the individual plaintiff, Severiano Jorge, and others who also had fled from Cuba to Miami, contacted Antonio and Standard separately and requested them to send the moneys which they owed to Tabacalera to it in his care at a Miami address.

After the intervention of Tabacalera, the interventor appointed by the Cuban government demanded that Antonio and Standard, respectively, pay to Tabacalera, in Havana, the sums claimed to be due for the tobacco which each had purchased. The interventor also notified each corporate defendant that no person or entity was authorized to collect in the United States in the name of Tabacalera the sums claimed to be due by each of said defendants to Tabacalera.

Despite the seizure and intervention of Tabacalera by the Cuban government, Mr. Jorge and perhaps other Cubans in Miami caused separate civil actions for damages to be filed in the name of Tabacalera against Antonio and Standard in the United States District Court for the Southern District of Florida, Tampa Division. The suit against Antonio was for damages in the sum of $48,406.37, and the suit against Standard was for damages in the sum of $100,894.28.

During the pendency of the federal court suits and prior to the institution of the case at bar, there was an alleged written assignment by Tabacalera to Mr. Jorge of all of its right, title, interest, claim and demand in and to the accounts receivable and all sums due thereunder owing by Antonio and Standard to Tabacalera.

While the federal court suits in the name of Tabacalera against Antonio and Standard were pending and being prosecuted, the case at bar was filed by Mr. Jorge individually and in the name of Tabacalera against Antonio, Standard and the Republic of Cuba.

In the federal court suit in the name of Tabacalera against Standard, on May 20, 1961, a final judgment was entered dismissing the suit on the ground of forum non conveniens. An appeal from the judgment of dismissal has been taken in the name of Tabacalera to the United States Court of Appeals, Fifth Circuit, and such appeal is pending undisposed of.

The federal court suit in the name of Tabacalera against Antonio was dismissed voluntarily by the plaintiff therein.

The case at bar is a suit in equity by the plaintiffs for a declaratory decree setting forth the rights and obligations of the plaintiffs and defendants. The complaint alleges, among other things, that the seizure and intervention of Tabacalera was illegal and void and that Mr. Jorge is in doubt as to his legal rights as sole stockholder of Tabacalera and assignee of its claim against Antonio and Standard, and alleges upon information and belief that Antonio and Standard are in doubt as to the status of the plaintiffs and entertain genuine doubts as to whether a payment to the plaintiffs will absolve Antonio and Standard of future liability should it subsequently be determined that the intervention into the affairs of the corporate plaintiff was lawful, and that the Republic of Cuba has a right, through its interventor, to receive the sums of money due to Tabacalera.

The complaint further alleges that, in order to obtain jurisdiction over the Republic of Cuba, it is necessary that some res be

in the possession of the court, and that it is essential therefore that the court order the sums of money owing by Antonio and Standard to Tabacalera to be deposited with the clerk of the court so as to form the basis for an order of publication directed to the Republic of Cuba.

The prayer of the complaint is that this court find and determine the rights and obligations of the parties, that Antonio and Standard be ordered forthwith to pay to the clerk of this court the sums of money which they are obligated to pay for the purchase of said tobacco, and that an order be entered herein requiring the Republic of Cuba and all parties claiming any interest in said sum of money to assert their claims upon a day to be fixed by this court.

Antonio and Standard, separately, filed the several motions described in the first paragraph hereof. The respective motions to dismiss the complaint or to abstain from exercising jurisdiction in this cause were based, among others, on the grounds of forum non conveniens, that this court should not sit in judgment on the acts of the government of the Republic of Cuba done within its own territory, failure of the complaint to state a cause of action against each corporate defendant, misjoinder of causes of action, misjoinder of parties defendant, and the failure of the complaint to state a cause of action for equitable and declaratory relief, or either.

This court is of the opinion that the plaintiffs' complaint and this action should be dismissed because this court should not sit in judgment on the acts of the Republic of Cuba, done within its own territory, and upon the ground of forum non conveniens.

All of the material transactions, occurrences and matters involved in this suit took place or were to take place in the Republic of Cuba.

The tobacco was sold and delivered in Cuba, and the purchase price therefor was to be paid in Cuba. The separate causes of action by Tabacalera against Antonio and Standard accrued in Cuba.

Tabacalera, a Cuban corporation, was seized and intervened in Cuba by the revolutionary government of the Republic of Cuba, which, through its interventor, took over the management and control of the corporation and its assets, including the claims of Tabacalera against Antonio and Standard.

The Castro government in Cuba is and continuously since January 7, 1959, has been recognized by the government of the United

States of America. The government of the Republic of Cuba has all of the rights of sovereignty possessed by any and all foreign governments which are recognized by the government of the United States.

The acts of the Cuban government in seizing and intervening the Cuban tobacco industry, including Tabacalera, were for reasons in the public interest, and were not for purely political, persecutory, discriminatory, racial or confiscatory motives.

It is well settled that the courts of one country will not sit in judgment on the acts of the government of another country within its own territory. Thus the acts of the Republic of Cuba in seizing and intervening the plaintiff corporation are not reviewable by this court in this action.

The plaintiffs urge that this court should exercise jurisdiction herein for the same reasons that the court exercised jurisdiction in the case of Terry Kane, doing business as Agencio de Tractores y Equipos, S.A. v. National Institute of Agrarian Reform and Cuba Aeropostal Agency, Inc., and/or Cuba Aeropostal, S.A., file no. 61 L 730, in the circuit court of the eleventh judicial circuit of Florida, in and for Dade County, 18 Fla. Supp. 116.

The Kane suit is distinguishable from the case at bar. The acts of the Republic of Cuba there involved and the parties to and the relief sought therein were different from those herein. Further, the Republic of Cuba or its agency apparently was before the court and was defending that action.

In the Kane case, the plaintiff, Terry Kane, a United States citizen, sued an agency of the Cuban government for damages for the alleged wrongful expropriation of his business and property in Cuba by the government of the Republic of Cuba. Mr. Kane's property was expropriated pursuant to the provisions of Resolution No. 3 of October 1960 of the Cuban government, which provided for the nationalization through compulsory expropriation of the property of natural or juridical persons who were nationals of the United States of America or those who operated enterprises in which the nationals of this country had a predominant interest. The preamble of the last mentioned resolution discloses that the action of the Cuban government in expropriating the properties of nationals of the United States and others described therein was in retaliation for the embargo by the United States on general exports from the United States to Cuba. The nationalization of Mr. Kane's property was held not related to a public purpose involving the use of such property. The resolution was held discriminatory in that it applied only to the property of nationals of the United States or to property of those

who operated enterprises in which nationals of the United States had a predominant interest. The expropriation of Mr. Kane's property was held not for reasons of public interest, but purely for political, persecutory, discriminatory and confiscatory motives in violation of international law.

Aside from the fact that this court should not review the aforementioned acts of the Cuban government in seizing and intervening Tabacalera, there are other reasons why this court should not entertain this suit.

The issues involved in this action are governed and controlled solely by laws, decrees, resolutions and proclamations of the Republic of Cuba which are unfamiliar to this court.

The legality and effect of the seizure and intervention of Tabacalera, and the rights of the government interventor and of the former stockholders, directors, officers, attorneys-in-fact and agents of the Cuban corporation are involved, and are matters which this court should not undertake to determine.

The Cuban interventor of Tabacalera and stockholders, directors, officers or attorneys-in-fact of the Cuban corporation at the time of seizure and intervention of the same and the assignee of the corporate plaintiff, have made separate demands on Antonio and Standard, respectively, for the payment of the purchase price of the tobacco purchased by each of said corporate defendants.

This suit was instituted and is being maintained in the name of Tabacalera by stockholders, directors, officers, attorneys-in-fact or agents thereof prior to and at the time of the seizure and intervention of the corporation. The suit is not being maintained in the name of Tabacalera by the Cuban government or its interventor. This suit was instituted without the authority of the Cuban government or its interventor.

It has long been settled doctrine that a court sitting in one state will, as a general rule, decline to interfere with the management of the internal affairs of a corporation organized under the laws of another state but will leave controversies as to such matters to the courts of the state of domicile of the corporation. This doctrine is even more important where the corporation is organized and existing under the laws of a foreign country. Thus this court should not undertake to determine the controversy between the Republic of Cuba and Mr. Jorge or any other stockholders, directors, officers, attorneys-in-fact or agents of Tabacalera prior to or at the time of the seizure and intervention of the corporation by the Cuban government as to which has the right to manage the affairs of Tabacalera, a Cuban corporation, and to collect in the

name of the corporation any sums due to it by Antonio or Standard.

The Republic of Cuba is named a defendant in this action but no attempt has been made to serve it with process. Its acts in seizing Tabacalera were governmental in nature and were for reasons in the public interest. This court is of the opinion that the Republic of Cuba cannot be sued in this action without its consent.

The Republic of Cuba is a necessary party to this action but is not before this court and is not suable herein without its consent.

Any judgment entered herein would not be res judicata in Cuba or elsewhere in a suit by the Republic of Cuba against either Antonio or Standard for the purchase price of the tobacco purchased by each.

Tabacalera did not enter into its transactions with Antonio and Standard in Cuba in reliance upon this court or any courts of the United States, and the plaintiffs cannot complain if this court refuses to entertain this suit.

Neither the individual plaintiff, a national of Cuba, nor the corporate plaintiff, a Cuban corporation, has a constitutional right to sue in this court.

The transactions, occurrences and matters involved herein are unrelated to this county, judicial circuit and state. This court exists primarily for the benefit of the citizens of this county, circuit and state. The docket of this court is crowded and to permit this suit to be prosecuted would burden this court unnecessarily with difficult and complicated litigation.

As stated by authoritative courts in this country, it should be remembered that parties do not enter into civil relations in foreign jurisdictions in reliance upon our courts. They may not complain if our courts refuse to meddle with their affairs and remit them to the place that established and should enforce their rights.

If jurisdiction is exercised by this court in this case, there is a likelihood that it will result in the filing in this court of other suits involving Cuban citizens, laws, governmental actions or other matters unrelated to this forum and the citizens of Florida.

The primary obligation of this court is to attend to local litigation expeditiously and efficiently, and it should direct its energies first to the crowded docket of litigation involving citizens of this county and the laws of this state and nation. The court, in its opinion, should avoid burdensome and difficult cases involving

the application of complicated foreign law which tend to congest the docket of this court and which should best be determined by the court of the foreign country where the case arose and should be brought. This court is not obligated to try suits involving the laws of a foreign country, controversies existing between citizens of foreign countries and their government. Citizens of foreign countries such as Cuba should look to the law of their own country for relief. Comity does not require that this controversy be tried by this court.

For the reasons hereinbefore stated, in the interest of justice this court should dismiss the plaintiffs' complaint and this action on the ground of forum non conveniens.

It is apparent, from the many authorities consulted by the court, that the plaintiffs do not have an absolute right to bring an action in this court. Whether the court exercises jurisdiction in the case rests in the court's sound discretion as directed by controlling authority.

This has not been an easy decision. The court's struggle has been greatly lessened, however, by the real assistance afforded by counsel for the parties who have made a thorough review of the law bearing upon the various issues raised by the pleadings and have furnished the court with exhaustive and authoritative briefs and pertinent argument. The many authorities relied upon by the court for its findings, as related herein, have not been cited for reasons of brevity. Most, if not all, of said authorities are cited in the briefs furnished by counsel for the respective parties.

In view of this court's decision to dismiss the plaintiffs' complaint and this action on the ground of forum non conveniens and also because this court should not exercise jurisdiction to sit in judgment on the acts of the government of Cuba done within its borders, the court conceives that it is unnecessary to rule upon the other grounds of the motions to dismiss which have been interposed or upon the other motions pending herein, some of which grounds and motions appear to the court to contain merit.

It is, therefore, upon consideration, Ordered, Adjudged and Decreed that the complaint of the plaintiffs, Severiano Jorge and Tabacalera Severiano Jorge, S.A., a Cuban corporation, and this action against the defendants, the Antonio Company, a Florida corporation, Standard Cigar Company, a Florida corporation, and the Republic of Cuba be and the same hereby are dismissed, but this dismissal is without prejudice to the rights of the plaintiffs to prosecute any claims they may have against the defendants, or either of them, in any other appropriate forum.